June 15, 1908.

---o---

## No. 4476.

### (Court of Appeal, Parish of Orleans.)

### GUISEPPE IMMORDINO VS. GUISEPPE LONGO.

The contract of partnership is the law between the parties, and under its plain and unambiguous stipulations the defendant, who is shown to have breached it in an important and material particular, should be held liable to the extent stipulated in the contract to which he is a party.

Appeal from Civil District Court, Division D.

Geo. Montgomery, for Plaintiff and Appellant.

P. J. Patorno, for Defendant and Appellee.

ESTOPINAL, J. The plaintiff and the defendant entered into the following contract:

First—That they do form a copartnership for the purpose of establishing a Marionette Theatre, and that said copartnership shall be in existence for Ten (10) years.

Second—That Guiseppe Longo is to furnish all the Marionetts and other instruments to conduct said Marionette Theatre.

Third—That Guiseppe Immordino is to furnish all money required to establish said Marionette Theatre.

Fourth—That all the Marionettes and other instruments used in said Theatre shall be held in trust by Guiseppe Immordino, until he is fully repaid for all money advanced for the enterprise aforesaid.

Fifth—That all expenses for repairs to the Marionettes or other instruments shall be paid out from the gross receipts of said Theatre.

Sixth—That all Marionettes or instruments bought new hereafter shall be the property of both agreeing parties.

Seventh—That Guiseppe Immordino will take Ten per cent (10 per cent) of the gross receipts, said money going to the paying off of all the money advanced by him.

Eighth—That after said debt has been satisfied, all receipts will be divided, share and share alike.

Ninth—That both will work faithfully for the success of the enterprise.

Tenth—That if either of the two agreeing parties wishes to withdraw from the business before the 10 years expire, Longo loses the Marionettes and all other instruments, and Immordino loses all money that may be still due him.

Plaintiff, in his petition, avers substantially that in furtherance of the above contract he, on October 4, 1907, rented premises No. 1135 Decatur Street, under a written lease for six months, at a monthly rental of Thirty Dollars ($30.00), payable in advance, the lease being made to Guiseppe Immordino & Co.; that he (plaintiff), on the day the contract of lease was made, paid Thirty Dollars ($30.00) for the first month's rent, and the marionettes were placed in the building with a view of operating a theatre; that he paid the duty on the marionettes

claimed by the United States authorities, amounting to Thirty-three Dollars and ninety-five cents ($33.95) ; that the plaintiff, under and by virtue of an agreement not in writing, but in connection with their agreement of copartnership, subsequently made in writing, paid for the transportation of property to be used in the theatrical venture as well as the passage of defendant's wife from Europe to this country, and traveling expenses of defendant from this city to Birmingham, Ala., all aggregating $213.50; that he expended other money for putting up the Theatre, the total amount advanced by him being $450.45; that under the contract of lease he is further liable for $150.00.

Plaintiff then avers that the defendant, Longo, now refuses to comply with his obligations under the above contract of partnership, and has signified his intention to withdraw from said business and remove from the partnership premises all the marionettes and other instruments; that Longo is financially irresponsible, and that if he be allowed to carry away the marionettes, it would work irreparable injury to plaintiff; that under the partnership agreement he (plaintiff) becomes the sole owner of said marionettes and other instruments; that defendant claims ownership of the property aforesaid, and now threatens to remove said property, etc.

Plaintiff prays that a writ of injunction issue restraining and prohibiting Longo from removing or attempting to remove the Marionettes, etc., from the partnership leased premises, and from interfering with him and with the exercise of his right to enter said premises whenever he so desires; that judgment be rendered decreing that said Longo should comply with the partnership agreement within ten days from the signing of the judgment, or in default of his strict compliance with said contract, he (plaintiff) be declared the sole and absolute owner of the aforesaid marionettes and other paraphernalia, or that in the alternative, he (plaintiff) be decreed the provisional owner or pledgee, or depositary, of said marionettes, etc., until refunded the advances made by him amounting to $275.00. This excludes the passage money for defendant's wife.

The answer is a general denial, and a special denial that he consented that in case of any disagreement between the parties that defendant was to lose the marionettes, and that plaintiff was to lose whatever money he had advanced.

295

There was judgment below for plaintiff for &250.95, the plaintiff to have and hold possession of the marionettes until said amount is paid, and in default of payment within fifteen days, that the property be sold to satisfy plaintiff's judgment.

From this judgment the plaintiff has appealed and the defendant remains silent.

The contract is not one reprobated by law. It was entered into in good faith by the plaintiff, who has shown that he did all which he bound himself to do.

By a denial of his signature to the contract of partnership, which was subsequently proved, the defendant has cut himself off from all defenses, and under the provisions of the Code, the case might be disposed of without further discussion.

The contract of partnership is the law between the parties, and under the plain and unambiguous stipulations, the defendant, who is shown to have breached it in an important and material particular, should be held liable to the extent stipulated· in the contract to which he is a party.

We are of opinion that the plaintiff, the defendant being in default, is entitled to a judgment in accordance with the intent of the parties to the contract as expressed therein.

Plaintiff's prayer was in the alternative, and he was entitled to a judgment, the case being with him, in accordance with either one of the demands so made, in the alternative.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended in appellant's favor so as to read as follows:

It is ordered, adjudged and decreed that there be judgment for plaintiff and against the defendant, Guiseppe Longo, ordering said Longo to comply with said partnership agreement within ten days from the finality of this judgment, and in default of such compliance by said defendant (Longo), plaintiff is hereby declared to be the sole and absolute owner of the marionettes and other instruments and paraphernalia now contained in the leased premises, No. 1135 Decatur street, this city, and as·thus amended, it is affirmed, costs in both Courts to be borne by the defendant.